CSC CONSULTING, INC., a corporation, Plaintiff–counter–defendant– Appellant–cross–Appellee,

v.

TOSCO REFINING CO., a division of Tosco Corporation; Tosco Corporation, a Nevada corporation, Defendants–counter–claimants–Appellees– cross–Appellant.

No. 99–16036, 99–16041.

D.C. No. CV–96–00791–MHP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2001.

Decided Sept. 26, 2001.

Before O'SCANNLAIN, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM *

CSC Consulting, Inc. ("CSC") appeals and Tosco Corp. and Tosco Refining Co. (collectively "Tosco") cross-appeal the dis- trict court's grant of summary judgment as to their respective claims and counter- claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse. Be- cause the parties are familiar with the factual and procedural history of this case, we will not recount it here.

"We review *de novo* a grant of summary judgment and must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). "The interpretation and mean- ing of contract provisions are questions of law reviewed *de novo.* A district court's findings of fact are reviewed under the clearly erroneous standard." *Cariaga v. Local No. 1184 Laborers Int'l Union,* 154 F.3d 1072, 1074 (9th Cir.1998) (citation omitted).

I.

At issue in this case are the effects of two proposals to modify a consulting con- tract ("N443"), and the two subsequent change orders that purported to imple- ment those proposals. The district court held that the contract unambiguously "pro- vided for a fixed amount of compensation, inconsistent with the obligation to pay a bonus." Accordingly, the court excluded consideration of parol evidence and held that CSC was not entitled to additional bonus compensation. We conclude that genuine issues of material fact as to the exact meaning of the change orders and the construction of the contract preclude summary judgment on CSC's claims.

* This disposition is not appropriate for publica- tion and may not be cited to or by the courts of this circuit *except as may be provided by* Ninth Circuit Rule 36–3.

## A.

On October 25, CSC proposed expanding N443 to include a routine maintenance reengineering project. The proposal contained a bonus provision in which CSC provided its services at a lower billing rate in return for a bonus based on a percentage of the benefits derived from the project.

In response, Tosco issued a change order ("C.O.1") on or about February 2, 1995. C.O.1 expanded the scope of work for N443 to include the routine maintenance project, but it did not include CSC's proposed bonus. Instead, it contained only a "fixed price of $1,072,500 plus a time-and-materials price of $162,250.00."

■ The district court found that C.O.1 and N443 constituted an integrated agreement, and therefore, excluded parol evidence regarding the bonus provision. If CSC accepted C.O.1 as a modification to N443, the resulting agreement would incorporate the integration clause, and the district court would have been correct. However, C.O.1 did not, as a matter of law, become a part of N443.

"Under California law, the paramount principle informing contract interpretation is to give effect to the intention of the parties. The court should ascertain the intention of the parties from the writing alone, if possible." *FDIC v. Air Fla. Sys., Inc.*, 822 F.2d 833, 837 (9th Cir.1987).

Paragraph 23 of the General Conditions to the Consulting Agreement covers changes in the scope of work for the contract, providing, "If [Tosco] elects to have [CSC] perform the change or extra Work, the Company shall issue a Change Order to the Agreement." The integration clause, paragraph 36, additionally provides, "This Agreement may only be altered, amended, or rescinded by a duly executed formal written agreement executed by both parties."

In this case, per paragraph 23.2, CSC proposed terms for the extra work, and Tosco issued a change order, but the change order contained different terms. Both parties apparently did not both execute a "formal written agreement" as required by paragraph 36. The disparity between the proposal and the change order combined with the lack of a formal written agreement executed by *both* parties raises a genuine issue of material fact as to whether the parties intended that the change order modify the existing contract, or assuming that N443 was modified to cover the extra work, what the parties intended the terms of the new contract to be. Therefore, because genuine issues of material fact remained, the district court erred in concluding as a matter of law that Tosco had no obligation to pay CSC a bonus under C.O.1, and we reverse the grant of summary judgment. *See Lopez*, 203 F.3d at 1131.

## B.

The same analysis applies to the second change order ("C.O.2") as well. Once again, CSC issued a proposal (in this case a proposal to continue providing services beyond March 15, 1995, the final date pursuant to C.O.1), and Tosco responded with a change order including different terms for compensation. And, again, both parties did not both execute a formal written agreement as required by the contract. Consequently, a genuine issue of material fact exists as to the effect of the proposal and change order, and the district court erred in granting summary judgment. *See id.*

## C.

Because the district court's grant of summary judgment as to claims four, five,

six, and seven relied on its interpretation that N443 and the change orders constituted a single, integrated contract, we reverse the summary judgment on those claims as well.

## II.

CSC also appeals the district court's grant of summary judgment to Tosco on CSC's quantum meruit and unjust enrichment claims. We agree and reverse.

### A.

As a preliminary matter, CSC argues that the district court erred in not holding Tosco to its judicial admissions. As there were, in fact, no judicial admissions, we disagree and affirm the district court on this point.

■ Judicial admissions are *factual* assertions. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir.1988). Tosco's statements that CSC was entitled to quantum meruit recovery are *legal* rather than factual assertions. *See Town of N. Bonneville v. Callaway*, 10 F.3d 1505, 1509 (9th Cir.1993) (holding that a statement that the government would fulfill a contract, and thereby convey certain land, depending on whether the court found that the town had authority to pay for the land was not a judicial admission, but merely a statement that the government would abide by the contract as interpreted by the court).

■ As the district court correctly determined, judicial estoppel is the appropriate doctrine in this case, and CSC does not contest the court's refusal to judicially estop Tosco. In any case, because the district court stated that it had not relied on Tosco's representations regarding quantum meruit in its summary judgment on Counts 1–7, it did not abuse its discretion in refusing to judicially estop Tosco. *See*

*Masayesva v. Hale*, 118 F.3d 1371, 1382 (9th Cir.1997).

### B.

■ "A quantum meruit or quasi-contractual recovery rests upon the equitable theory that a contract to pay for services rendered is implied by law for reasons of justice. [citations] However, it is well settled that there is no equitable basis for an implied-in-law promise to pay reasonable value when the parties have an actual agreement covering compensation." *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4th 1410, 1419, 49 Cal.Rptr.2d 191 (1996). In short, if a contract covers the disputed work, no further recovery can be made on the theory of quantum meruit. "A quantum meruit analysis cannot supply 'missing' terms that are not missing." *Id.*

■ However, in this case, there is a genuine issue of material fact as to whether the two change orders became a part of the N443 contract. Thus, there is also an issue as to whether the work performed under the alleged auspices of the change orders was covered by a contract. Therefore, the district court erred in granting summary judgment on CSC's quantum meruit and unjust enrichment claims. *See Lopez*, 203 F.3d at 1131.

### III.

■ Finally, Tosco cross-appeals the district court's grant of summary judgment that it is not entitled to a refund of any of the two million dollar payment. We reverse.

The parties do not dispute the district court's finding that the payment was a bonus. Tosco admits that the payment was "outside of [the] contract" between the parties and contends that it therefore had no obligation to pay the bonus. Tosco further admits that there was no written agreement that the payment was subject

to refund. The district court found that "even Tosco's own records seem to bear out CSC's formulation and the fact that the savings contemplated by the parties in their discussions and in McDaniel's [Tosco employee] 'scenarios' were achieved."

However, the district court did not address the evidence presented by Tosco's expert as to the amount of benefits received. Although the evidence is not strong, taking all the evidence regarding benefits received in the light most favorable to Tosco, the nonmovant, as we must on summary judgment, Tosco has raised a genuine issue of material fact *as to the amount of benefits* derived from CSC's projects. *See Lopez*, 203 F.3d at 1131. In the light of this evidence, summary judgment was inappropriate, and we reverse. *See id.*

REVERSED.